PER CURIAM.
Eddie Dickens appeals from his conviction for vehicular homicide under section 782.071, Florida Statutes (1987). Appellant’s arrest followed a traffic accident which resulted in one death. During the subsequent investigation, the police recorded an interview with Appellant. The tape was later misplaced, but not before it was transcribed. Before trial, the state informed appellant’s counsel of the existence of the tape and transcript but did not make either item available during discovery. The trial court excluded the transcript because it was not the best evidence. Appellant sought a Richardson hearing because the state alluded to the existence of exculpatory statements on the tape. Appellant raises four points on appeal, two of which have merit.
Appellant claims prejudice as a result of the state’s discovery violation and the trial court’s failure to conduct a Richardson hearing. We agree and reverse appellant’s conviction in accord with Smith v. State, 500 So.2d 125 (Fla.1986), which held the failure to conduct a Richardson hearing to determine whether a Brady violation has occurred, constitutes per se reversible error.
Appellant also contends the trial court erred when it ordered restitution without a determination of appellant’s ability to pay as required by section 775.089(6), Florida Statutes (1987). We agree and reverse.
Accordingly, we reverse and grant appellant a new trial consistent with this opinion.
REVERSED and REMANDED.
DELL, WALDEN and POLEN, JJ., concur.